NOT RECOMMENDED FOR FULL-TEXT PUBLICATION

No. 09-4141

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
Aug 24, 2010
LEONARD GREEN, Clerk

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff-Appellee, | ) |
| v. | ) ON APPEAL FROM THE UNITED |
| | ) STATES DISTRICT COURT FOR |
| FREDERICK J. ROBERTSON, | ) THE NORTHERN DISTRICT OF |
| | ) OHIO |
| Defendant-Appellant. | ) |

O R D E R

Before: CLAY and ROGERS, Circuit Judges; HOOD, District Judge.*

Frederick J. Robertson appeals his conviction and sentence for being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1); and possession with intent to distribute five grams or more of cocaine base, in violation of 21 U.S.C. § 841(a)(1). This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R. App. P. 34(a).

Robertson pleaded guilty to the above-specified offenses pursuant to a plea agreement. With regard to sentencing, the parties agreed that 1) Robertson qualified as a career offender, resulting in a base offense level of 34 and a Guidelines range of 188 to 235 months, and 2) neither party would request a sentence outside of this range. The calculation of Robertson's Guidelines range in the

---

*The Honorable Joseph M. Hood, United States District Judge for the Eastern District of Kentucky, sitting by designation.

Case: 1:09-cr-00014-CAB Doc #: 47 Filed: 08/25/10 2 of 3. PageID #: 408
Case: 09-4141 Document: 006110714161 Filed: 08/24/2010 Page: 2

No. 09-4141
- 2 -

presentence report coincided with the stipulations in the plea agreement, and the district court sentenced Robertson to a total of 211 months in prison.

Robertson's counsel has filed a brief and a motion to withdraw pursuant to *Anders v. California*, 386 U.S. 738, 744 (1967), stating that he has examined the record and found no non-frivolous grounds for appeal. Counsel identifies one potential issue for review – whether Robertson's sentence is substantively reasonable – and concludes that it is frivolous because Robertson waived his right to appeal his sentence. Robertson has requested the appointment of new counsel.

The record reflects that Robertson entered a valid guilty plea, an issue that we review de novo. *See United States v. Dixon*, 479 F.3d 431, 434 (6th Cir. 2007). A guilty plea is valid if it is entered knowingly, voluntarily, and intelligently. *Bousley v. United States*, 523 U.S. 614, 618 (1998). In accordance with Federal Rule of Criminal Procedure 11, the district court "must verify that 'the defendant's plea is voluntary and that the defendant understands his or her applicable constitutional rights, the nature of the crime charged, the consequences of the guilty plea, and the factual basis for concluding that the defendant committed the crime charged.'" *Dixon*, 479 F.3d at 434 (quoting *United States v. Webb*, 403 F.3d 373, 378-79 (6th Cir. 2005)). In this case, the district court substantially complied with these requirements and properly determined that Robertson knowingly and voluntarily entered his guilty plea. *See United States v. Williams*, 176 F.3d 301, 309-10 (6th Cir. 1999) (holding that certain "technical deviations from Rule 11" did not invalidate defendant's guilty plea).

Because Robertson entered a valid guilty plea, he is barred by the plea agreement's waiver provision from challenging his sentence on appeal. *See United States v. McGilvery*, 403 F.3d 361, 363 (6th Cir. 2005). Moreover, even absent the waiver provision, there is no arguable basis on which to challenge Robertson's sentence. The district court properly calculated the applicable Guidelines range, recognized the advisory nature of the Guidelines, considered the relevant 18 U.S.C. § 3553(a) factors, and adequately explained its chosen sentence. *See Gall v. United States*, 552 U.S. 38, 51 (2007). And because Robertson's sentence fell within the advisory Guidelines

Case: 1:09-cr-00014-CAB Doc #: 47 Filed: 08/25/10 3 of 3. PageID #: 409
Case: 09-4141 Document: 006110714161 Filed: 08/24/2010 Page: 3

No. 09-4141
- 3 -

range, it is afforded a presumption of substantive reasonableness. *See United States v. Vonner*, 516 F.3d 382, 389-90 (6th Cir. 2008) (en banc). There is nothing in the record to rebut that presumption. Under these circumstances, Robertson's sentence was both procedurally and substantively reasonable. *See Gall*, 552 U.S. at 51.

Because counsel has filed an adequate *Anders* brief and our independent review of the record reveals no issue that would support an appeal in this case, *see Penson v. Ohio*, 488 U.S. 75, 80 (1988), we grant counsel's motion to withdraw, deny the request for new counsel, and affirm the district court's judgment. Rule 34(j)(2)(C), Rules of the Sixth Circuit Rule 34(j)(2)(C), Rules of the Sixth Circuit.

ENTERED BY ORDER OF THE COURT

Clerk