## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | CASE NO. 1:09-CR-014 |
| Plaintiff, | : | JUDGE CHRISTOPHER A. BOYKO |
| vs. | : | **UNOPPOSED MOTION FOR REDUCED SENTENCE UNDER SECTION 404 OF THE FIRST STEP ACT** |
| FREDERICK J. ROBERTSON, | : | |
| Defendant. | : | |

Frederick Robertson, by and through counsel, respectfully moves this Court to reduce his sentence under the First Step Act of 2018. Under Section 404 of the First Step Act, enacted on December 21, 2018, this Court is authorized to impose a reduced sentence for defendants with crack-cocaine convictions. A defendant is eligible for a discretionary reduction when the penalty provisions of the Fair Sentencing Act of 2010 would have applied to the defendant had that Act been in effect at the time of the original sentencing. Because Mr. Robertson was sentenced before August 3, 2010 and would have been subject to the Fair Sentencing Act had it been in effect at the time of his original sentencing, he is eligible for relief. Undersigned counsel has spoken to the U.S. Attorney's Office, and it does not oppose this Motion.

Respectfully submitted,

STEPHEN C. NEWMAN
Federal Public Defender
Ohio Bar: 0051928

*/s/Vanessa Malone*
VANESSA MALONE (OH 0066230)
Attorney at Law
Office of the Federal Public Defender
50 South Main St., Suite 700
Akron, Ohio 44308
330-375-5739
vanessa_malone@fd.org

**MEMORANDUM IN SUPPORT**

**I.      Procedural History**

Frederick Robertson was named in a two count Indictment on January 6, 2009 (Doc. 1, Indictment). Count One alleged violation of 18 U.S.C. §922(g)(1) and Count Two which involved the possession of five grams or more of cocaine base, in violation of 21 U.S.C. §841(a)(1) & (b)(1)(B). On June 09, 2009, Frederick Robertson pled guilty pursuant to plea agreement to Counts One and Two, agreeing that the offense involved 23.5 grams of cocaine base, and that the prior violent offenses qualified him as a career offender under the Sentencing Guidelines. (Doc.29, Plea Agreement). Based on the offenses of conviction and the amount of cocaine base, Mr. Robertson was subject to a mandatory minimum of five years and a statutory maximum of 40 years for Count Two.

The Presentence Investigation Report prepared in preparation of sentencing indicated that Mr. Robertson was a Career Offender, and was thus subject to the penalties as provided under U.S.S.G. §4B1.1, based upon the maximum sentence as reflected under the statute of conviction, §841(b)(1)(B). Therefore, the Guidelines calculations under U.S.S.G. §4B1.1(b)(2) reflected an Offense Level of 34, as the statutory maximum under §841(b)(1)(B) was 40 years. After acceptance of responsibility reductions, the Total Offense Level was 31. Frederick Robertson's Criminal History Category as a career offender was at VI, and the sentencing range in 2009 was 188 – 235 months.

Frederick Robertson was sentenced by this Court on September 11, 2009 to 120 months on Count One, the §922(g)(1) violation, and a 211-month custodial sentence on Count Two, with three and four years supervised release on each count, respectively, to be served concurrently. (Doc.32, Judgment).

## II.     The Statutory Penalties for Crack Cocaine Offenses Under 21 U.S.C. § 841 Have Changed.

The Anti-Drug Abuse Act of 1986 imposed especially harsh statutory penalties for drug offenses involving crack cocaine. Subsequently, Congress ameliorated some of the harshness of the prior Act and enacted the Fair Sentencing Act on August 3, 2010. 124 Stat. 2372. The Fair Sentencing Act left intact many unjust sentences that were imposed prior to August 3, 2010 under the Anti-Drug Abuse Act penalty structure. The First Step Act of 2018 has now created a freestanding remedy to retroactively reduce sentences of this type and to provide a more just sentencing scheme upon all those convicted of crack cocaine offenses.

## III.    Mr. Robertson is Eligible for a Reduced Sentence Under Section 404 of the First Step Act.

Section 404 of the First Step Act permits courts to impose reduced sentences on any prisoner still serving a sentence for a crack-cocaine offense, if that sentence was imposed when the pre-Fair Sentencing Act penalty structure still applied. The First Step Act establishes its remedy in two steps. First, the Act defines what offenses are covered by its remedy:

> Definition of Covered Offense: In this section, the term "covered offense" means a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010 (Public Law 111-220; 124 Stat. 2372), that was committed before August 3, 2010.

*See* First Step Act, Title IV, Sec. 404(a); *see also* Fair Sentencing Act.

Mr. Robertson's drug offense under Count Two is a "covered offense" because Section 2 of the Fair Sentencing Act "modified" the "statutory penalties" under §841(b) for "violation[s]" of 21 U.S.C. §§ 841(a) and 846 that involved crack cocaine. The count involved in Mr. Robertson's offense involved crack cocaine and was committed before August 3, 2010.

Second, the Act provides the circumstances under which a district court can reduce the sentence for defendants who were previously sentenced for a "covered offense":

> Defendants Previously Sentenced: A court that imposed a sentence for a covered offense may, on motion of the defendant, . . . impose a reduced sentence as if Sections 2 and 3 of the Fair Sentencing Act of 2010 (Public Law 111-220; 124 Stat. 2372) were in effect at the time the covered offense was committed.

*Id.*, Section 404(b). This provision applies to Mr. Robertson because this Court previously "imposed a sentence" on him "for a covered offense." Through this motion, he now moves for a reduced sentence under Section 404(b) of the First Step Act and in accordance with the Fair Sentencing Act's reduced statutory penalties.

The First Step Act provides narrow limitations on its sentencing reduction power. It delineates that a court shall not entertain a motion made under Section 404 of the First Step Act to reduce a sentence "if the sentence was previously imposed or previously reduced in accordance with the amendments made by sections 2 and 3 of the Fair Sentencing Act of 2010," or "if a previous motion made under this section to reduce the sentence was, after the date of enactment of this Act, denied after a complete review of the motion on the merits." *Id.*, Sec. 404(b). Neither of these limitations apply to Mr. Robertson, as he is currently serving a sentence of 211 months of incarceration under the pre-Fair Sentencing Act statutory penalty structure for crack cocaine offense, and this is a supplement to his *pro se* filed Section 404 motion.

Proving eligibility under the First Step Act is straightforward. A defendant is eligible if he was convicted of a crack cocaine offense, was sentenced when the pre-Fair Sentencing Act statutory penalties were still in effect, and continues to serve a sentence that has not already been reduced to the post-Fair Sentencing Act statutory penalties. Because Frederick Robertson satisfies all of these requirements, the Court has the authority to impose a reduced sentence for his crack cocaine convictions.

**IV.     Mr. Robertson's Statutory Penalties Are Reduced Under the First Step Act.**

The only guidance Congress has given regarding the authorized extent of Section 404 relief is that the district court may impose a reduced sentence "as if" the Fair Sentencing Act's reduced crack cocaine penalties "were in effect at the time the covered offense was committed." This broad grant of resentencing authority contains one implied limitation, that the court cannot impose a sentence lower than the statutory mandatory minimum applicable under the Fair Sentencing Act – the current statutory penalties.

Frederick Robertson was originally subject to a statutory penalty of five years to 40 years under former 21 U.S.C. §841(b)(1)(B)(2009). Under the Fair Sentencing Act his offense, which involved 23.5 grams of crack cocaine, now subjects Mr. Robertson to the penalties under 21 U.S.C. §841(b)(1)(C)(2018). Therefore, the sentencing range now applicable to his case would be no mandatory minimum, and a statutory maximum of 20 years under 21 U.S.C. §841(b)(1)(C), based upon the amount of cocaine base included in the plea agreement, 23.5 grams.

Based upon the changes to the statute under the Fair Sentencing Act of 2010 made applicable to Mr. Robertson through the First Step Act of 2018, Frederick Robertson's advisory sentencing range under the Guidelines has been reduced. Under Guideline §4B1.1(b)(3), Mr. Robertson's base offense level under the career-offender enhancement is at Level 32, based upon the reduced statutory maximum for his offense under §841(b)(1)(C). Including the previously applied three-level reduction for acceptance of responsibility, Mr. Robertson's total offense level is 29. Therefore, his advisory Guideline sentence for a total offense level of 29 and a criminal history of VI becomes 151 to 188 months of incarceration.

**V.     Mr. Robertson May Be Eligible for Immediate Release.**

Frederick Robertson has been detained regarding this case since January 13, 2009. According to the Bureau of Prison's website, Mr. Robertson's release date is currently July 31, 2024, based upon the 211 month sentence he is currently serving. Should this Court impose the low-end of the career offender Guideline range of 151 months, such sentence would likely result in his immediate release from custody, with good conduct credits apportioned thereto. If this Court imposes a sentence within the range which reflects the midpoint in the range of the original sentence, under the new calculations that sentence would be at 170 months, which is 18 months below the high end of the now applicable guideline range of 188 months, and 17 months above the low end of 151 months.

**VI.     Conclusion**

The parties agree that sentencing within the Guidelines as calculated herein would be appropriate in this case. Mr. Robertson is eligible for this relief and respectfully asks this Court to order a sentencing reduction based on his reduced statutory maximum penalty. No change is needed regarding the supervised release portion of the sentence, and Mr. Robertson has served the 120 months for the firearms offense of Count One. Frederick Robertson also respectfully requests a new Judgment and Conviction entry issue.

    Respectfully submitted,

    STEPHEN C. NEWMAN
    Federal Public Defender

    */s/ Vanessa Malone*
    VANESSA MALONE
    Attorney at Law

## **CERTIFICATE OF SERVICE**

I hereby certify that on March 14, 2019, a copy of the foregoing Motion was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by e-mail or regular U.S. Mail. Parties may access this filing through the Court's system.

>/s/ *Vanessa Malone*
>VANESSA MALONE
>Attorney at Law